USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA

   - against -

SHAUN DOZIER,
               Defendant.

------------------------------------x

S2 08 Cr. 008-01(RWS)

SENTENCING OPINION

**Sweet, D.J.**

On November 13, 2008, Shaun Dozier ("Dozier" or "Defendant") was found guilty of one count of conspiracy to distribute and possess with an intent to distribute crack cocaine in violation of 21 U.S.C. § 846, one count of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(C), and one count of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). For the reasons set forth below, Dozier will be sentenced to 210 months' imprisonment and 5 years supervised release. Dozier will also be required to pay a special assessment of $300.

## Prior Proceedings

On September 11, 2008, Three-Count Superseding Indictment S2 08-CR-0008-01 (RWS) was filed against Dozier in the Southern District of New York. Count 1 charges that from at least 2006 up through November 2007, in the Southern District of New York and elsewhere, Dozier unlawfully conspired with others to distribute and possessed with intent to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 §§ U.S.C. 812, 841(a)(1), and 841(b)(1)(A). Count 2 charges that on April 11, 2007, in the Southern District of New York, Dozier and co-conspirators unlawfully, intentionally, and knowingly distributed and possessed with intent to distribute approximately two bags of mixtures and substances containing a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). Count 3 charges that on October 2, 2007, in the Southern District of New York, Dozier, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics offense charged in Count 1 of the Indictment, discharged a handgun at a victim and struck the victim in the leg in the vicinity of 140

West 174th Street, Bronx, New York.

On November 13, 2008, a jury found Dozier guilty of Counts 1, 2, and 3.

Defendant's sentencing is currently scheduled for September 10, 2009.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines established by the United States Sentencing Commission (the "Guidelines"). Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed --

(A) to reflect the seriousness of the offense,

3

     to promote respect for the law, and to
     provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal
     conduct;

  (C) to protect the public from further crimes of
     the defendant; and

  (D) to provide the defendant with needed
     educational or vocational training, medical
     care, or other correctional treatment in the
     most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range
   established for --

  (A) the applicable category of offense committed
     by the applicable category of defendant as
     set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued
   by the Sentencing Commission];

(6) the need to avoid unwarranted sentence
   disparities among defendants with similar
   records who have been found guilty of
   similar conduct; and

(7) the need to provide restitution to any victims of
   the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a non-Guidelines Sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Dozier's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report.

Between at least April 2007 and November 2007, a narcotics dealing organization, known as the "Chief Set," controlled the cocaine and cocaine base (crack) distribution

5

business in the area of the Sedgwick Houses, a housing project located in the Bronx, New York, at 140 West 174th Street. Members of the Chief Set, including Dozier, carried and used weapons in furtherance of the narcotics conspiracy (the "Dozier Organization." An investigation by the New York City Police Department and the Drug Enforcement Administration led to the successful introduction of two undercover police officers ("UCs") into the Dozier Organization in 2007. The UCs successfully purchased large amounts of cocaine base from Dozier and other members of the organization. As a result of these purchases, several of which were recorded on audio listening devices, a grand jury in the Southern District of New York returned Superseding Indictment 08 Cr. 08 in January of 2008.

The Government established at Dozier's trial that, between 2006 and 2007, Defendant ran a large-scale crack cocaine distribution organization, along with his brother Shannon Dozier. The UCs in the case bought approximately 250 grams of crack cocaine from the organization in 2007 over the course of a number of difference purchases. Testimony at trial established that during the charged time period, the Defendant and Shannon Dozier ran a 24-hour, 7-day a week crack-selling operation wherein a constant stream of crack addict customers bought crack

from Shaun Dozier and his employees in the lobby of 150 West 174th Street and from several apartments: apartment 6F in 150 West 174th Street and apartment 9E in 150 West 174th Street. Further testimony proved that Shaun Dozier also employed his youngest brother, Shelby Dozier, and another youth, Simon Tang, both of whom were under the age of eighteen, to sell drugs for the organization on a regular basis.

On April 11, 2007, Dozier and two co-conspirators sold approximately two bags of crack cocaine and a quantity of cocaine to a UC in the vicinity of 140 West 174th Street in the Bronx, New York. According to the Government, the quantity of crack cocaine from this sale was 241 milligrams.

On October 2, 2007, Dozier shot and seriously injured a victim during a dispute with the victim related to the distribution of crack cocaine in the vicinity of 140 West 174th Street, Bronx, New York.

Although the Government believes it is impossible to establish an exact quantity of crack cocaine during the charged time period, it is fair to say that during the 2 years charged, Dozier and his associates distributed, and possessed with intent

7

to distribute, at least 4.5 kilograms of crack cocaine.

Shaun Dozier was arrested/surrendered on January 14, 2008.

**The Relevant Statutory Provisions**

Count 1 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. A term of at least 5 years of supervised release is required for Count 1 if a sentence of imprisonment is imposed pursuant to 21 U.S.C. § 841(b)(1)(A).

Count 2 carries a maximum term of imprisonment of 20 years pursuant to 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C). If a term of imprisonment is imposed for Count 2 the Court may impose a term of supervised release of not more than 3 years pursuant to 18 U.S.C. §3583(b)(2).

Count 3 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), which runs

8

consecutive to any other term of imprisonment imposed. If a term of imprisonment is imposed for Count 3, the Court may impose a term of supervised release of not more than 5 years pursuant to 18 U.S.C. § 3583(b)(1).

The terms of supervised release are to run concurrently, pursuant to 18 U.S.C. § 3624(e).

Defendant is not eligible for probation for Counts 1 and 3 because the instant offenses are ones for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2), 21 U.S.C. 841(b)(1)(A), and 18 U.S.C. 924(c). Defendant is not eligible for probation for Count 2 because he is being sentenced at the same time to a term of imprisonment on a different count or case, pursuant to 18 U.S.C. § 3561(a)(3).

The maximum fine for Count 1 is $4 million, pursuant to 21 U.S.C. §§ 846 & 841(b)(1)(A). The maximum fine for Count 2 is $1 million, pursuant to 21 U.S.C. §§ 812, 841(a)(1), and 841 (b)(1)(C). The maximum fine for Count 3 is $250,000 for Count 3, pursuant to 18 U.S.C. § 3571.

**The Guidelines**

9

The November 1, 2008 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

Pursuant to § 3D1.2(d), the Counts of conviction are grouped for computation purposes, as the offense level is determined largely on the basis of the total amount of drugs involved.

The guideline for violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) is found in § 2D1.1 of the Guidelines. Because Dozier is attributed with conspiring to distribute and possess with intent to distribute at least 4.5 kilograms of crack cocaine, the offense level as specified in the Drug Quantity Table under § 2D1.1(c)(1) sets a base Offense level of 38, when using these minimum quantities.

Pursuant to § 2D1.1(b), a 2 level increase would be warranted because a dangerous weapon was possessed during the course of the drug trafficking conspiracy (Count 1). However, because the Defendant was convicted of Count 3, and pursuant to Application Note #4 of § 2K2.4, no levels are added.

10

According to the Government, and as demonstrated by the evidence presented at his trial, Dozier was an organizer or leader of criminal activity involving 5 or more participants. As such, his offense level is increased by 4 levels, pursuant to § 3B1.1(a).

According to the Government, and as demonstrated by the evidence presented at his trial, Dozier employed two minors to sell narcotics. As such, his offense level is increased by 2 levels, pursuant to § 3B1.4.

Accordingly, the applicable offense level is 44.

On March 28, 2002, Dozier was arrested for 5th degree criminal possession of marijuana, a Class B misdemeanor under NYS Penal Law, and sentenced to time served. Pursuant to §§ 4A1.1(c) & 4A1.2(e)(2) of the Guidelines, this conviction warrants one criminal history point.

On April 22, 2003, Dozier was arrested for 7th degree criminal possession of a controlled substance, 5th degree criminal possession of marijuana, and unlawful possession of

marijuana. These offenses are classified as Class A and B
Misdemeanors under NYS Penal Law. He was sentenced to
conditional discharge, 20 days of community service, and a 6
month suspension of his license. Pursuant to §§ 4A1.1(c) &
4A1.2(e)(2) of the Guidelines, this conviction warrants one
criminal history point.

On May 12, 2003, Dozier was arrested for 3rd degree
criminal trespass, a Class B Misdemeanor under NYS Penal Law,
and sentenced to conditional discharge. Pursuant to §
4A1.2(c)(1), this conviction warrants zero criminal history
points.

On March 12, 2004, Dozier was arrested for 3rd degree
criminal trespass, a Class B Misdemeanor under NYS Penal Law,
and sentenced to conditional discharge and 35 hours of community
service. Pursuant to § 4A1.2(c)(1), this conviction warrants
zero criminal history points.

On April 2, 2004, Dozier was arrested for 4th degree
criminal possession of a weapon, a Class A misdemeanor under NYS
Penal Law, and sentenced to conditional discharge. Pursuant to
§§ 4A1.1(c) & 4A1.2(e)(2) of the Guidelines, this conviction

12

warrants one criminal history point.

On May 19, 2005, Dozier was arrested for 2nd degree attempted use of drug paraphernalia, a Class B misdemeanor under NYS Penal Law, and sentenced to conditional discharge. Pursuant to §§ 4A1.1(c) & 4A1.2(e)(2) of the Guidelines, this conviction warrants one criminal history point.

A total of 4 criminal history points establishes a Criminal History Category of III, pursuant to the table at Chapter 5, Part A of the Sentencing Guidelines.

Based on a total offense level of 44 and a Criminal History Category of III, the Guidelines range for imprisonment is life, to be followed by a 120-month mandatory and consecutive term of imprisonment on Count 3, pursuant to § 5G1.2(a).

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in

13

accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, the imposition of a non-Guidelines sentence is warranted.

**Justification for Downward Departure**

Pursuant to 18 U.S.C. § 3553(a)(6), imposition of a non-Guidelines sentence is warranted. Since the Supreme Court's decision in Booker, a number of courts, recognizing the Guidelines' disparate treatment of offenses involving crack versus powder cocaine, have imposed non-Guidelines sentences in cases involving crack. See, e.g., Simon v. United States, 361 F. Supp. 2d 35 (E.D.N.Y. 2005); United States v. Smith, 359 F. Supp. 2d 771 (E.D. Wis. 2005).

Here, the sentence called for by the Guidelines is driven largely by the quantity of drugs sold by Dozier. Because Defendant sold crack cocaine, his sentence is greatly enhanced in comparison to equivalent offenses involving powder cocaine. Thus, in the present case, the 4.5 kg of crack involved in the charged offenses converts to 90,000 kg of THC, while an equivalent amount of cocaine converts to just 900 kg of THC.

14

Courts, commentators, and the Sentencing Commission have long criticized this disparity, which lacks persuasive penological or scientific justification, and creates a racially disparate impact in federal sentencing. See Smith, 359 F. Supp. 2d at 777 (quoting United States v. Dumas, 64 F.3d 1427, 1432 (9th Cir. 195) (Boochever, J., concurring) and United States v. Willis, 967 F.2d 1220, 1226 (8th Cir. 1992)).

Based on proposals by the Sentencing Commission, the Smith court employed a 20:1 ratio between crack and powder cocaine to determine the appropriate sentence for a crack offense. The Supreme Court recently endorsed this approach in Spears v. United States, 129 S. Ct. 840 (2009). In Spears, the Supreme Court examined the district court's decision to depart from the Guidelines when sentencing Spears for conspiracy to distribute crack cocaine. Concluding that the Guidelines' 100:1 ratio between powder cocaine and crack cocaine yielded an excessive sentence, the district court instead applied a 20:1 crack-to-powder ratio. Id. at 841-42. The Supreme Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Id. at 843-44. It

15

went on to conclude that "the District Court's choice of replacement ratio was based upon two well-reasoned decisions by other courts, which themselves reflected the Sentencing Commission's expert judgment that a 20:1 ratio would be appropriate" under the circumstances. Id. at 844 (citing United States v. Perry, 389 F. Supp. 2d 278, 307-08 (D.R.I. 2005); Smith, 359 F. Supp. 2d at 781-82; United States Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy 106-107, App. A, at 3-6 (2002)).

Use of this 20:1 ratio in the present case will mitigate the disparity between this sentence and one imposed on a defendant who engaged in substantially similar conduct that involved powder cocaine rather than crack. Based on this 20:1 ratio, Dozier's offenses are determined to have involved an amount of crack equivalent to 18,000 kg of THC. Accordingly, Dozier's base offense is deemed to be 36, and the total offense level is 42. See Guidelines § 2D1.1(c)(5).

Based on an offense level of 42 and a criminal history category of III, the Guidelines recommend a term of incarceration of 360 months to life, to be followed by a 120-month mandatory and consecutive term of imprisonment on Count 3,

16

pursuant to § 5G1.2(a)

Title 18 U.S.C. § 3553(a)(1) also directs the Court to consider "the history and characteristics of the defendant" when determining the appropriate sentence. Dozier was born on February 10, 1983, in the Bronx, NY. Before dropping out of school in 9th grade, he attended William H. Taft High School. He subsequently attended Apex Technical School, New York, NY, from August 2004 to April 2005 where he earned a "Burns" license which certifies him to cut metal with fire. He was subsequently employed as a welder by several companies.

As noted by the probation officer, Dozier was very candid and cooperative during the presentence interview and presented himself in a sincere, humble, and respectful manner. His involvement with a drug conspiracy appears the result of difficult family and economic circumstances, including a father who was frequently absent from home. He is also the father to an 18 month old son and has expressed a desire to be rejoined with him and his family.

Given Dozier's young age and potential to become a productive member of society, the term of incarceration

17

recommended by the Guidelines would not serve the goals of the penal system with respect to this defendant. Consequently, a downward departure from the Guidelines recommendation is warranted.

**The Sentence**

For the instant offense, Dozier will be sentenced to 210 months' imprisonment, followed by a five-year term of supervised release.

Dozier is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of supervised release. It is recommended that Dozier be supervised by the district of his residence.

As mandatory conditions of his supervised release, Dozier shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to imposition

18

of a special condition requiring drug treatment and testing, described below.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions that:

(1) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer.

19

Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

(3) Defendant shall participate in a vocational/educational program as deemed appropriate by the Probation Department, which should commence while in custody.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $300, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for September 10, 2009.

It is so ordered.

**New York, NY**
**September  ✓ , 2009**

/ROBERT W. SWEET
U.S.D.J.

20