USDC SDNY
DOCUMENT
ELECTRONICALLY [FILED]
DOC #:
DATE FILED: 4/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

SHAUN DOZIER,
               Defendant.

------------------------------------X

S2 08 Cr. 008-01(RWS)

SENTENCING OPINION

**Sweet, D.J.**

On November 13, 2008, Shaun Dozier ("Dozier" or "Defendant") was found guilty of one count of conspiracy to distribute and possess with an intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(A), and 846, one count of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(C), and one count of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii). For the reasons set forth below, Dozier will be sentenced to 240 months' imprisonment and 5 years supervised release. Dozier will also be required to pay a special assessment of $300 and to and to forfeit any property constituting or derived from any proceeds he obtained from the instant offenses.

1

**Prior Proceedings**

On September 11, 2008, Three-Count Superseding Indictment S2 08-CR-008-01 (RWS) was filed in the Southern District of New York. Count 1 charges that from at least 2006 up through November 2007, in the Southern District of New York and elsewhere, Dozier and others known and unknown unlawfully conspired to distribute and possessed with intent to distribute fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of 21 §§ U.S.C. 812, 841(a)(1) & (b)(1)(A) and 846. Count 2 charges that on April 11, 2007, in the Southern District of New York, Dozier and co-conspirators unlawfully distributed and possessed with intent to distribute approximately two bags of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," and mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(C). Count 3 charges that from at least Spring 2007 up to October 2, 2007, in the Southern District of New York, Dozier, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics offense charged in Count 1 of the Indictment,

discharged a handgun at a victim on October 2, 2007, striking the victim in the leg, in the vicinity of 140 West 174th Street, Bronx, New York.

On November 13, 2008, a jury found Dozier guilty of Counts 1, 2, and 3.

Defendant's sentencing is currently scheduled for April 28, 2011.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the Second Circuit's decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines established by the United States Sentencing Commission (the "Guidelines"). Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

3

(2) the need for the sentence imposed --

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for --

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See

4

Crosby, 397 F.3d at 114-15.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 128 S. Ct 558, 571 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a non-Guidelines Sentence is warranted in the instant case.

**The Defendant**

The Court adopts the facts set forth in the Probation Department's Presentence Investigation Report ("PSR") with respect to Dozier's personal and family history.

**The Offense Conduct**

The following description draws on the PSR. The specific facts of the underlying conduct are adopted as set forth in that report, except as provided herein.

Between at least April 2007 and November 2007, a

narcotics dealing organization, known as the "Chief Set," controlled the cocaine and cocaine base (crack) distribution business in the area of the Sedgwick Houses, a housing project located in the Bronx, New York, at 140 West 174th Street. Members of the Chief Set, including the Defendant and his brother Shannon Dozier, carried and used weapons in furtherance of the narcotics conspiracy ("Dozier Organization"). An investigation by the New York City Police Department and the Drug Enforcement Administration led to the successful introduction of two undercover police officers into the Dozier Organization in 2007. The undercover officers successfully purchased large amounts of cocaine base from the Defendant, his brother Shannon Dozier, Samantha Samuels ("Samuels"), and other members of the organization. As a result of these purchases, several of which were recorded on audio listening devices, a grand jury in the Southern District of New York returned Superseding Indictment 08 Cr. 08 in January of 2008.

The Government established at Dozier's trial that, between 2006 and 2007, Defendant ran a large-scale crack cocaine distribution organization, along with his brother Shannon Dozier. The undercover officers in the case bought approximately 250 grams of crack cocaine from the organization

in 2007 over the course of a number of difference purchases. Testimony at trial established that during the charged time period, the defendants ran a 24-hour, 7-day a week crack-selling operation wherein a constant stream of crack addict customers bought crack from Defendant and his employees in the lobby of 140 West 174th Street and from several other apartments -- apartment 6F in 140 West 174th Street (where a co-conspirator resided) and apartment 9E in 140 West 174th Street (where Samuels and another co-conspirator resided).

On April 11, 2007, Dozier and two co-conspirators sold approximately two bags of crack cocaine and a quantity of cocaine to an undercover police officer in the vicinity of 140 West 174th Street in the Bronx, New York. According to the Government, the quantity of crack cocaine from this sale was 241 milligrams.

On October 2, 2007, Dozier shot and seriously injured a victim during a dispute with the victim related to the distribution of crack cocaine in the vicinity of 140 West 174th Street, Bronx, New York.

According to the Government, while it is impossible to

establish an exact quantity of crack cocaine during the charged time period, it is fair to say that during the 2 years charged, Dozier and his associates distributed, and possessed with intent to distribute, at least 4.5 kilograms of crack cocaine.

Dozier was arrested/surrendered on January 14, 2008.

**The Relevant Statutory Provisions**

Count 1 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(A), and 846. Count 2 carries a maximum term of imprisonment of 20 years pursuant to 21 U.S.C. §§ 812, 841(a)(1) & (b)(1)(C). Count 3 carries a mandatory minimum term of imprisonment of 10 years and a maximum term of imprisonment of life pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), which runs consecutive to any other term of imprisonment imposed.

A term of at least 5 years of supervised release is required for Count 1 if a sentence of imprisonment is imposed pursuant to 21 U.S.C. § 841(b)(1)(A) and 846. If a term of imprisonment is imposed for Count 2, the Court may impose a term

of supervised release of not more than 3 years pursuant to 18 U.S.C. § 3583(b)(2). If a term of imprisonment is imposed for Count 3, the Court may impose a term of supervised release of not more than 5 years pursuant to 18 U.S.C. § 3583(b)(1). The terms of supervised release are to run concurrently, pursuant to 18 U.S.C. § 3624(e).

Defendant is not eligible for probation for Counts 1 and 3 because the instant offenses are ones for which probation has been expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2), 21 U.S.C. 841(b)(1)(A), and 18 U.S.C. 924(c). Defendant is not eligible for probation for Count 2 because he is being sentenced at the same time to a term of imprisonment on a different count or case, pursuant to 18 U.S.C. § 3561(a)(3).

The maximum fine for Count 1 is $4 million, pursuant to 21 U.S.C. §§ 846 & 841(b)(1)(A). The maximum fine for Count 2 is $1 million, pursuant to 21 U.S.C. §§ 812, 841(a)(1), and 841 (b)(1)(C). The maximum fine for Count 3 is $250,000 for Count 3, pursuant to 18 U.S.C. § 3571.

**The Guidelines**

The November 1, 2010 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a).

Pursuant to § 3D1.2(d), Counts One and Two are grouped for computation purposes, as the offense level is determined largely by the quantity of substance involved.

The Guideline for a violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) is found in § 2D1.1. Because Dozier's conduct involved the conspiracy to distribute and possess with intent to distribute at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine, the offense level as specified in the Drug Quantity Table under § 2D1.1(c)(1) sets a base Offense level of 36, when using these minimum quantities.

Pursuant to § 2D1.1(b)(1), a 2 level increase would be warranted because a firearm was possessed during the course of the drug trafficking conspiracy (Count 1). However, because the Defendant was convicted of Count 3 (Use of a Firearm During and in Relation to a Drug Trafficking Crime) in violation of 18 U.S.C. § 924(c), pursuant to Application Note #4 of § 2K2.4, no levels are added.

According to the Government, and as demonstrated by the evidence presented at his trial, Dozier was an organizer or leader of criminal activity involving 5 or more participants. As such, his offense level is increased by 4 levels, pursuant to § 3B1.1(a).

Accordingly, the applicable offense level is 40.

On March 28, 2002, Dozier was arrested for and later convicted of 5th degree criminal possession of marijuana, a Class B misdemeanor under NYS Penal Law, in Criminal Court in Bronx, New York. He was sentenced to time served. Pursuant to §§ 4A1.1(c) & 4A1.2(e)(2), this conviction warrants one criminal history point.

On April 22, 2003, Dozier was arrested for and later convicted of 7th degree criminal possession of a controlled substance, 5th degree criminal possession of marijuana, and unlawful possession of marijuana in Criminal Court in Bronx, New York. These offenses are classified as Class A and B Misdemeanors and a violation, respectively, under NYS Penal Law. He was sentenced to conditional discharge, 20 days of community

service, and a 6 month suspension of his license.  Pursuant to §§ 4A1.1(c) & 4A1.2(e)(2), this conviction warrants one criminal history point.

On May 12, 2003, Dozier was arrested and later convicted of 3rd degree criminal trespass, a Class B Misdemeanor under NYS Penal Law, in Criminal Court in Bronx, New York. He was sentenced to conditional discharge.  Pursuant to § 4A1.2(c)(1), this conviction warrants zero criminal history points.

On March 12, 2004, Dozier was arrested for and later convicted of 3rd degree criminal trespass, a Class B Misdemeanor under NYS Penal Law, in Criminal Court in Bronx, New York.  He was sentenced to conditional discharge and 35 hours of community service.  Pursuant to § 4A1.2(c)(1), this conviction warrants zero criminal history points.

On April 2, 2004, Dozier was arrested for and later convicted of 4th degree criminal possession of a weapon, a Class A misdemeanor under NYS Penal Law, in Criminal Court in Bronx, New York.  He was sentenced to conditional discharge.  Pursuant to §§ 4A1.2(c) & 4A1.2(e)(2), this conviction warrants one

criminal history point.

On May 19, 2005, Dozier was arrested for and later convicted of 2nd degree attempted use of drug paraphernalia, a Class B misdemeanor under NYS Penal Law, in the Bronx County Supreme Court, in Bronx, New York. He was sentenced to conditional discharge. Pursuant to §§ 4A1.1(c) & 4A1.2(e)(2), this conviction warrants one criminal history point.

A total of 4 criminal history points establishes a Criminal History Category of III, pursuant to the table at Chapter 5, Part A of the Sentencing Guidelines.

Based on a total offense level of 40 and a Criminal History Category of III, the Guidelines range for imprisonment is 360 months to life imprisonment, to be followed by a 120-month mandatory and consecutive term of imprisonment on Count 3, pursuant to § 5G1.2(a).

For Count One, the Guideline range for a term of supervised release is the minimum required by statute, which in this case is 5 years, pursuant to § 5D1.2(b). For Counts Two and Three, the Guideline range for a term of supervised release

is at least 3 years but not more than 5 years, per count, pursuant to § 5D1.2(a)(1).

For Counts One and Three, Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to § 5B1.1(b)(2). For Count Two, the Defendant is not eligible for probation because he is being sentenced at the same time to a sentence of imprisonment for the same or a different offense, pursuant to 18 U.S.C. § 3561(a)(3). In addition, because the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, pursuant to §5B1.1, Application Note #2.

The fine range for the instant offense is $25,000 to $5,250,000, pursuant to § 5E1.2(c)(3)(A) and (c)(4)(A). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community

confinement.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. Pursuant to all of the factors, the imposition of a non-Guidelines sentence is warranted.

**Justification for Downward Departure**

Title 18 U.S.C. § 3553(a)(2) directs the Court to consider "the need for the sentence imposed" "to provide just punishment for the offense" and "afford adequate deterrence to criminal conduct" and Title 18 U.S.C. § 3553(a)(1) directs the Court to consider "the history and characteristics of the defendant" when determining the appropriate sentence.

Dozier was born on February 10, 1983, in the Bronx, NY.

Before dropping out of school in 9th grade, he attended William H. Taft High School. He subsequently attended Apex Technical School, New York, NY, from August 2004 to April 2005 where he earned a "Burns" license which certifies him to cut metal with fire. He was subsequently employed as a welder by several companies.

As noted by the probation officer, Dozier was very candid and cooperative during the presentence interview and presented himself in a sincere, humble, and respectful manner. His involvement with a drug conspiracy appears the result of difficult family and economic circumstances, including a father who was frequently absent from home. He is also the father to an 18 month old son and has expressed a desire to be rejoined with him and his family.

Given Dozier's young age, his potential to become a productive member of society, and the nature of the offense, the incarceration recommended by the Guidelines would not serve the goals of the penal system with respect to this defendant, nor is it necessary to provide just punishment or afford adequate general or specific deterrence. Consequently, a downward departure from the Guidelines recommendation is warranted.

**The Sentence**

For the instant offense, Dozier will be sentenced to 240 months' imprisonment, followed by a five-year term of supervised release.

Dozier is directed to report to the nearest United States Probation Office within seventy-two hours of release from custody to commence his term of supervised release. It is recommended that Dozier be supervised by the district of his residence.

As mandatory conditions of his supervised release, Dozier shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to imposition of a special condition requiring drug treatment and testing, described below.

The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional

special conditions that:

(1) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) Defendant shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of third-party payment.

(3) Defendant shall participate in a vocational/educational program as deemed appropriate by the Probation Department, which should commence while in custody.

Pursuant to 18 U.S.C. § 853, Defendant shall forfeit to the United States any and all property that constitutes or is derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses or used in any manner or part to commit and facilitate their commission. In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived. A special assessment of $300, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for April 28, 2011.

It is so ordered.

**New York, NY**
**April 22, 2011**

ROBERT W. SWEET
U.S.D.J.