UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

SHAUN DOZIER,

                Petitioner,

  - against -

UNITED STATES,

                Respondent.

------------------------------------------X

13 Civ. 5061 (RWS)

S1 08 Cr. 008 (RWS)

OPINION

A P P E A R A N C E S:

PRO SE

SHAUN DOZIER
60702-054
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954

ATTORNEYS FOR THE GOVERNMENT

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
By: Nola B. Heller, Esq.
    Randall Jackson, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/14

**Sweet, D.J.**

Petitioner Shaun Dozier ("Dozier" or "Petitioner") has moved pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence claiming ineffective assistance of counsel. Based on the conclusions set forth below, Petitioner's sentence for Count 1 is vacated and remanded for resentencing.

**Prior Proceedings**

On November 13, 2008, Petitioner was convicted after a jury trial of all three counts with which he was charged in Indictment S1 08 CR. 008 (RWS): Count 1: conspiring to distribute, and to possess with intent to distribute, 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count 2: distributing and possessing with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C); and Count 3: possessing and using a firearm in furtherance of the conspiracy charged in Count 1, which firearm was discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Petitioner was sentenced on June 7, 2011 principally to the mandatory minimum term of 240 months' imprisonment: 10 years' imprisonment on Count 1, to be followed by consecutive term of 10 years' imprisonment on Count 3.

1

The Fair Sentencing Act ("FSA") was signed into law on August 3, 2010. It altered the mandatory minimum penalties applicable for offenses involving crack cocaine: The threshold for a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was raised from 50 grams to 280 grams. On February 10, 2011, the Second Circuit held, in *United States v. Acoff*, 634 F.3d 200 (2d Cir. 2011), that the FSA was not retroactive to crimes that had been committed before the enactment of the FSA.

Dozier's appeal was filed on June 14, 2011. Petitioner's appellate counsel filed a brief on Petitioner's behalf with the United States Court of Appeals for the Second Circuit on December 21, 2011. Given the Second Circuit's decision in *Acoff*, Petitioner's brief did not make any arguments concerning the retroactive applicability of the FSA.

On June 21, 2012, the Supreme Court in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), ruled that the FSA was retroactive to any defendant who was convicted before the enactment of the FSA but sentenced after the enactment. On August 8, 2012, the Second Circuit abrogated its holding in *Acoff* in *United States v. Highsmith*, 688 F.3d 74 (2d Cir. 2012), in light of *Dorsey*.

2

Dozier's appellate counsel did not raise *Dorsey* or the retroactive applicability of the FSA with the Court of Appeals. The Court of Appeals issued a summary order denying all of Dozier's appellate claims on August 23, 2012. Dozier filed the instant petition on July 18, 2013.

## Dozier's Petition Is Granted In Part

Dozier is a defendant who was convicted prior to the enactment of the FSA but sentenced after the enactment. As such, the Government has conceded that Dozier has made a *prima facie* case for ineffective assistance on the part of his appellate counsel for Count 1. Dozier's claim is cognizable on collateral review because he has shown both cause and prejudice. *See, e.g., Harrington v. United States*, 689 F.3d 125, 129 (2d Cir. 2012) (holding that collateral review of claims not raised on direct appeal is precluded unless petitioner can show "(1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence"). Dozier has shown cause in that appellate counsel should have, but did not, raise the *Dorsey* issue at some point during the pendency of his appeal. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Dozier has also demonstrated prejudice: Had the issue been raised during appeal, the Second Circuit would have remanded the case for resentencing pursuant to *Dorsey*. *See*

3

*Highsmith*, 688 F.3d at 76 (Second Circuit allowed the defendant to supplement opening brief with a FSA-based claim in light of *Dorsey*).

Given the Government's position and the Supreme Court's holding in *Dorsey*, granting Petitioner's motion is appropriate. *See United States v. McGee*, 522 F. App'x 59 (2d Cir. 2013) (applying *Dorsey* and remanding for re-sentencing for conviction of 21 U.S.C. § 841(b)(1)(B)). However, only Count 1 charges the pre-FSA quantity levels of crack cocaine and is altered by the FSA and *Dorsey*. Accordingly, Dozier's petition is applicable only to the sentence imposed on Count 1.

## Conclusion

Dozier's petition for relief under 28 U.S.C. § 2255 is granted with respect to Count 1 only, and his sentence pursuant to Count 1 is vacated and remanded for resentencing.

It is so ordered.

New York, NY
June 18, 2014

_____
ROBERT W. SWEET
U.S.D.J.