UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

                          Plaintiff,

            -against-                              08 Cr. 008 (RWS)

                                                  SENTENCING
SHAUN DOZIER,                                     OPINION

                          Defendant.

----------------------------------------X

**Sweet, D.J.**

On November 13, 2008, Shaun Dozier ("Dozier" or
"Defendant") was convicted after a jury trial of all three
counts with which he was charged in Indictment S1 08 CR. 008
(RWS): Count 1: conspiring to distribute, and to possess with
intent to distribute, 50 grams and more of crack cocaine, in
violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; Count 2:
distributing and possessing with intent to distribute a quantity
of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and
841(b)(1)(C); and Count 3: possessing and using a firearm in
furtherance of the conspiracy charged in Count 1, which firearm
was discharged, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).
Petitioner was sentenced on June 7, 2011 principally to the
mandatory minimum term of 240 months' imprisonment.

1

Dozier appealed his sentence and on August 23, 2012, the Court of Appeals for the Second Circuit denied Defendant's appellate claims in their entirety. On July 18, 2013, Dozier moved this Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that his appellate attorney did not raise the applicability of the Fair Sentencing Act ("FSA") and Dorsey v. United States, 132 S. Ct. 2321 (2012) to Defendant's case. The Court granted Dozier's petition with respect to Count 1, as Count 1 charged pre-FSA quantity levels of crack cocaine and is altered by the FSA and Dorsey. See generally United States v. Dozier, Nos. 13 Civ. 5061(RWS), S1 08 Cr. 008(RWS), 2014 WL 2854558 (June 18, 2014).

This Sentencing Opinion renders a new sentence for Defendant with respect to Count 1 and makes all guideline calculations according to the new 2014 Guidelines. This Opinion incorporates the following sections of the previous Sentencing Opinion (Dkt. No. 75) by reference: "Prior Proceedings," "The Defendant," "The Offense Conduct," and "Justification for Downward Departure."

For the reasons set forth below, Dozier will be sentenced to the mandatory minimum term of 180 months' imprisonment to be followed by four years' supervised release,

subject to the scheduled sentencing hearing on April 13, 2015. Dozier will also be required to pay a special assessment of $300 and to forfeit any property constituting or derived from any proceeds he obtained from the instant offenses.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

3

most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range
    established for —

    (A) the applicable category of offense committed
    by the applicable category of defendant as
    set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued
    by the Sentencing Commission];

(6) the need to avoid unwarranted sentence
    disparities among defendants with similar
    records who have been found guilty of
    similar conduct; and

(7) the need to provide restitution to any victims of
    the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find

all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not.  See

Crosby, 397 F.3d at 114-15.


**The Relevant Statutory Provisions**


The minimum term of imprisonment is five years and

maximum term of imprisonment is 40 years for Count 1.  21 U.S.C.

§§ 812, 841(a)(1) & (b)(1)(B), 846.  The maximum term of

imprisonment is 20 years for Count 2.  21 U.S.C. §§ 812,

841(a)(1), 841(b)(1)(C).  The minimum term of imprisonment is 10

years and maximum term of imprisonment is life for Count 3, which runs consecutive to any other term of imprisonment imposed. 18 U.S.C. 924(c)(1)(A)(iii).

The Court must impose a term of supervised release of at least four years for Count 1 (21 U.S.C. §§ 841(b)(1)(B), 846), of not more than three years for Count 2 (18 U.S.C. § 3583(b)(2)), and of not more than five years for Count 3 (18 U.S.C. § 3583(b)(1). Such terms of supervised release run concurrently. 18 U.S.C. § 3624(e).

Defendant is not eligible for probation. 18 U.S.C. §§ 924(c), 3561(a)(2) & (a)(3); 21 U.S.C. § 841(b)(1)(A).

The maximum fine is $5,000,000 for Count 1 (21 U.S.C. §§ 841(b)(1)(B), 846), $1,000,000 for Count 2 (21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C)), and $250,000 for Count 3 (18 U.S.C. § 3571). A special assessment of $300 ($100 per count) is mandatory pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11.

Counts 1 and 2 are grouped together pursuant to U.S.S.G. § 3D1.2(d) because the offense level is determined largely by the quantity of substance involved. Count 3 mandates that the term of imprisonment imposed is that required by statute, which in this case is a mandatory and consecutive five years. As such, this count will not be utilized in the guidelines calculations which follow.

The guideline for 21 U.S.C. §§ 841(b)(1)(B) and 846 offenses is found in U.S.S.G. § 2D1.1 of the Guidelines. Defendant's conduct involved the conspiracy to distribute and possess with intent to distribute at least 8.4 kilograms of crack, resulting in a base offense level of 36. U.S.S.G. § 2D1.1(c)(2).[1]

---

[1] Because a firearm was possessed during the course of the drug trafficking conspiracy (Count 1), pursuant to U.S.S.G. § 2D1.1(b)(1), the offense would be enhanced by two levels. Defendant, however, was convicted of Count 3 (Use of a Firearm During and in Relation to a Drug Trafficking Crime) in violation of 18 U.S.C. 924(c). As such, no levels are added. See U.S.S.G. § 2K2.4 Appl. Note #4.

According to the Government, Defendant was an organizer or leader of the criminal activity that involved five or more participants. As such, his offense level is increased by four levels. U.S.S.G. § 3B1.1(a).

According to the Government, and as proved at trial, Defendant employed two minors to sell narcotics. As such, his offense level is increased by two levels. U.S.S.G. § 3B1.4.

Dozier has six known criminal convictions. On April 10, 2002, Dozier was sentenced to time served in Criminal Court in Bronx, New York, for Criminal Possession of Marijuana in the 5th Degree. Pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

On April 23, 2003, Dozier was sentenced to Conditional Discharge, 20 days community service, and a six-month license suspension in Criminal Court in Bronx, New York for Criminal Possession of a Controlled Substance in the 7th Degree, Criminal Possession of Marijuana in the 5th Degree, and Unlawful Possession of Marijuana. Pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

On June 20, 2003, Dozier was sentenced to Conditional
Discharge in Criminal Court in Bronx, New York for Criminal
Trespass in the 3rd Degree. Pursuant to U.S.S.G. § 4A1.2(c)(1),
this conviction warrants zero criminal history points.

On April 21, 2004, Dozier was sentenced to Conditional
Discharge and 35 hours of community service in Criminal Court in
Bronx, New York for Criminal Trespass in the 3rd Degree.
Pursuant to U.S.S.G. § 4A1.2(c)(1), this conviction warrants
zero criminal history points.

On April 21, 2004, Dozier was sentenced to Conditional
Discharge in Criminal Court in Bronx, New York for Criminal
Possession of a Weapon in the 4th Degree. Pursuant to U.S.S.G.
§§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one
criminal history point.

On July 26, 2005, Dozier was sentenced to Conditional
Discharge in Bronx County Supreme Court in Bronx, New York for
Attempted Use of Drug Paraphernalia in the 2nd Degree. Pursuant
to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), this conviction
warrants one criminal history point.

Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, four criminal history points establishes a Criminal History Category of III.

Based on a total offense level of 42 and Criminal History Category of III, the guideline range of imprisonment is 360 months to life, to be followed by a 10-year (120 month) mandatory and consecutive term of imprisonment on Count 3, pursuant to U.S.S.G. § 5G1.2(a).

The range for a term of supervised release is four to five years for Count 1 (U.S.S.G. § 5D1.2(a)(1) & (c)), at least one year but not more than three years for Count 2 (U.S.S.G. § 5D1.2(a)(2)), and at least two but not more than five years for Count 3 (U.S.S.G. § 5D1.2(a)(1)).

Defendant is not eligible for probation. U.S.S.G. § 5B1.1(b)(2) & Appl. Note #2.

The fine range for these offenses is $25,000 to $6,250,000. U.S.S.G. § 5E1.2(c)(3)(A) & (c)(4).

Costs of prosecution shall be imposed on Defendant, as required by statute. U.S.S.G. § 5E1.5. In determining whether

to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is

10

determined that a Guidelines sentence is not warranted in the instant case. The Court departs for the same reasons stated in its previous Sentencing Opinion.

**The Sentence**

For the instant offense, Dozier shall be sentenced to the mandatory minimum 60 months' imprisonment on Count 1, 30 months on Count 2, to be served concurrently with Count 1, and 120 months on Count 3, to be served consecutively with Counts 1 and 2, for a total of 180 months' imprisonment. Defendant's term of imprisonment will be followed by four years' supervised release. The mandatory, standard, and special conditions of supervised release previously recommended are incorporated herein by reference.

It is further ordered that Defendant shall pay to the United States a special assessment of $300, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2.

Defendant is ineligible for voluntary surrender.

It is so ordered.

**New York, NY**
**April 8, 2015**

**ROBERT W. SWEET**
**U.S.D.J.**